**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Roderick Shaun JONES, Defendant— Appellant.**

No. 02–50556.

D.C. No. CR–01–00310–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 1, 2003.[*]

Decided Jan. 8, 2004.

Ronald L. Cheng, Jason De Bretteville, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

6. *United States v. Smith,* 196 F.3d 1034, 1038 (9th Cir.1999).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, COWEN,** and W. FLETCHER, Circuit Judges.

## MEMORANDUM***

Roderick Shaun Jones appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Jones contends that the district court erred in denying his motion to suppress the firearm found during a search of his residence. In addition, Jones argues that the district court erred in calculating his sentence.

Jones contends that, although the search of his residence was conducted pursuant to a warrant, the affidavit in support of the warrant contained intentionally or recklessly false statements. He also contends that the affiant omitted information that would have raised doubts about the existence of probable cause. The district court held a hearing regarding these allegations, as required by *Franks v. Delaware*, 438 U.S. 154, 171–72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The district court found that there were no false statements in the affidavit, and further found that none of the allegedly omitted information was sufficient to attack the affiant's credibility. We review these findings for clear error. *United States v. Elliott*, 322 F.3d 710, 715 (9th Cir.2003). As the district court's findings were not clearly erroneous, we affirm its denial of the motion to suppress.

■ Jones now asserts that the affiant made additional intentional or reckless misstatements and omitted additional material facts in the affidavit. Although Jones did not raise these specific allegations of misrepresentation or omission in his original motion to suppress, he argues that his general statement that the affidavit contained factual misrepresentations or material omissions was sufficient to preserve the issue. Under *Franks*, however, a defendant challenging an affidavit in support of a search warrant "should point out specifically the portion of the affidavit that is claimed to be false; and [the allegations] should be accompanied by a statement of supporting reasons." 438 U.S. at 171. A blanket statement that an affidavit contains misstatements or omissions is not sufficient to entitle a defendant to a *Franks* hearing in the first instance, and is not sufficient to preserve the issue for appeal. Because Jones did not raise these additional allegations of misstatement or omission before the district court, he may not argue them now.

■ Finally, Jones argues that the district court failed to make a factual finding regarding the actual date of his arrest on federal charges. At sentencing, the district court must make a factual finding as to each controverted matter in the presentence report ("PSR"), or make a finding that no such finding is necessary because the matter will not be taken into account in calculating the sentence.[1] If the district court fails to make these findings, the sentence must be vacated and the case remanded for resentencing. *United States v. Riley*, 335 F.3d 919, 931 (9th Cir.2003). When no objection is made before the district court, however, the reviewing court may only address plain errors affecting

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At the time of Jones' sentencing, this provision was contained in Rule 32(c)(1) of the Federal Rules of Criminal Procedure. Since that time, the Rules have been amended, and the provision is now contained in Rule 32(i)(3)(B).

substantial rights. *Id.* at 925. Jones did not object to the date of his arrest on federal charges as reflected in the PSR at sentencing. The record reflects that Jones was arrested on state charges in April 2001 and on federal charges in November 2001. Nothing in the record supports his assertion that he was actually arrested on federal charges in April 2001. As such, the district court did not plainly err in failing to make a finding regarding the date of Jones' federal arrest and simply relying on the date stated in the PSR.

**AFFIRMED.**